IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HASSENE CHAABANE and SAFIYAH RIBIS,<br><br>          Plaintiffs,<br><br>     v.<br><br>MICHAEL C. BIGGS, United States Citizenship and Immigration Services, et al.,<br><br>          Defendants. | 2:09-CV-2376-JAM-GGH<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION |

    This matter comes before the Court on Defendants Michael C. Biggs's, United States Citizenship and Immigration Services, et al's ("Defendants'") Motion to Dismiss Plaintiff Hassene Chaabane's ("Plaintiff Chaabane's") and Plaintiff Safiyah Ribis' ("Plaintiff Ribis'") (collectively "plaintiffs") Complaint ("Complaint") (Doc. # 1). Defendants bring the Motion to Dismiss (Doc. # 14) pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6)

for failure to state a claim upon which relief can be granted. Plaintiffs oppose the motion.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Chaabane is a citizen of Tunisia, and the spouse of Plaintiff Ribis. Plaintiff Ribis is a citizen of the United States. On September 27, 2002 Plaintiff Chaabane filed an I-485 Application to Adjust Status to that of Lawful Permanent Resident, on the basis of an approved I-130 Petition for Alien Relative filed on his behalf by Plaintiff Ribis. On July 16, 2008 the application was denied by Defendants who found that Plaintiff Chaabane made misrepresentations on his application. On September 5, 2008 a second I-130 visa petition was approved on behalf of Plaintiff Chaabane. On September 14, 2008 Chaabane filed a second I-145 application to adjust status. On July 23, 2009 Defendants denied Plaintiff Chaabane's application, finding him ineligible to adjust status pursuant to 8 U.S.C. 1255(I). On August 7, 2009 a Notice to Appear for removal proceedings was issued. Removal proceedings are pending.

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).

II.  OPINION

A.  Legal Standard

   1.   12(b)(1) Dismissal

   "Dismissal is appropriate under Rule 12(b)(1) when the district court lacks subject matter jurisdiction over the claim. A Rule 12(b)(1) motion may either attack the sufficiency of the pleadings to establish federal jurisdiction, or allege an actual lack of jurisdiction that exists despite the formal sufficiency of the complaint." Kondrachuk v. U.S. Citizenship, 2009 WL 1883720, at *4 (N.D. Cal. June 30, 2009)(internal citations omitted).

   Federal courts are courts of limited jurisdiction, and posses only that power authorized by the Constitution and by statute. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994)(internal citations omitted). Federal courts are presumptively without jurisdiction over civil actions, and the burden of establishing the contrary rests upon the party asserting jurisdiction. Id. Lack of subject matter jurisdiction is never waived and may be raised by either party or the court at any time. Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d. 593, 595 (9th Cir. 1996).

   Because jurisdiction is a threshold matter, a case can proceed no further if a court lacks jurisdiction to hear it. See

Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." (citation omitted)).

### 2. 12(b)(6) Dismissal

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1975), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

B.  <u>Discussion</u>

    1.  <u>Subject Matter Jurisdiction</u>

Plaintiffs argue that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 which states, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States" and pursuant to 28 U.S.C. §§ 2201 & 2202 which allows the courts to provide declaratory relief. Defendants assert that Plaintiffs may not rely on these general grants of jurisdiction where a statute specifically limits jurisdiction, citing 8 U.S.C. §1252(2)(A) which states, "[*n*]*otwithstanding any other provision of law* (statutory or nonstatutory), … no court shall have jurisdiction to review . . ." (emphasis added).

Plaintiffs concede that this Court lacks jurisdiction to review the discretionary denial of an adjustment of status application pursuant to 8 U.S.C. § 1252(a)(2)(B)(i). While Plaintiffs assert that the allegedly improper denial of Chaabane's application raises an issue of law, the Complaint does not allege which law Defendants improperly applied or how it was improperly applied. The Complaint states "the conflicting explanations in the July 16, 2008 and the June 23, 2009 denial of the petitions for adjustment of status are contradictory, illogical, arbitrary and capricious in that they are not in

accord with the facts and or law that governs Defendants actions." (Complaint ¶ 28.) This statement does not identify a question of law for this Court to adjudicate.  Rather, the issue before this Court is a question of fact disguised as a question of law and thus this Court has no jurisdiction to review this case.

As Defendants argue, insofar as Plaintiffs' claim raises a question of law, the challenge must be brought before the appropriate court of appeals, rather than the district court, pursuant to 8 U.S.C. § 1252(a)(2)(D). Kondrachuk, 2009 WL 1883720, at *5 ("Under § 1252 . . . an individual may seek judicial review of the denial of his or her application for adjustment of status only if the challenge involves either "constitutional claims or questions of law" and is raised in a petition for review filed in the court of appeals pursuant to § 1252."). The Ninth Circuit properly "retain[s] jurisdiction to decide, as a matter of law, whether an alien is statutorily eligible for adjustment of status" under 8 U.S.C. § 1252(a)(2)(D). Ortega-Cervantes v. Gonzales, 501 F.3d 1111, 1113 (9th Cir. 2007) (internal citations omitted).

Defendants further aver that jurisdiction is precluded under 8 U.S.C. § 1252(d) because Plaintiff Chaabane has failed to exhaust administrative remedies available to him as of right in accordance with 8 C.F.R. § 245.2. "A court may review a final

order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right, . . ." 8 U.S.C. §1252(d)(1). Plaintiffs assert that they do not seek review of a final order of removal. In fact, a final order has not been issued in this case. Rather, Plaintiffs seek review of the denial of Plaintiff Chaabane's applications to adjust status. Therefore, 8 U.S.C. §1252(d)(1) does not apply to this case.

Nevertheless, administrative exhaustion is required with respect to the denial of Plaintiff Chaabane's adjustment of status application. The doctrine of administrative exhaustion states, "[w]here relief is available from an administrative agency, the plaintiff is ordinarily required to pursue that avenue of redress before proceeding to the court, and until that recourse is exhausted, suit is premature and must be dismissed." Reiter v. Cooper, 507 U.S. 258, 269 (1993).

Plaintiffs allege that "USCIS has effectively cut off all administrative review available to [Plaintiff Chaabane]." (Opposition, 4: 22-23.) However, Defendants assert that Plaintiff Chaabane has extensive opportunities for relief during his pending removal proceedings with respect to the adjustment of status application, and thus this Court does not have jurisdiction to hear this case. See, e.g., Shepherd v. Gonzales, 218 Fed.Appx. 657, 658 (9th Cir. 2007) ("To the extent Shepherd

contends he is eligible for adjustment of status, suspension of deportation, cancellation of removal, or a section 212 waiver, we lack jurisdiction to review these contentions because Shepherd did not exhaust them before the BIA.") (citing Barron v. Ashcroft, 358 F.3d 674, 678 (9th Cir. 2004)); Chae Im Kim v. Mukasey, 305 Fed. Appx. 412 (9th Cir. 2008) ("We lack jurisdiction over Kim's contention that the IJ denied her due process by pretermitting her adjustment of status application because she did not raise the claim before the BIA (citing Barron, 358 F.3d at 678) (exhaustion of claims within the agency's competence is mandatory and jurisdictional)). Thus, Plaintiffs must, and have failed to, exhaust all administrative relief.

In their Opposition, Plaintiffs aver that this Court has jurisdiction over this case pursuant to the Mandamus Act which states, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. However, there is no action for this Court to compel. Plaintiffs argue that Defendants have a duty to "record a non-citizen's lawful admission to permanent residence upon approval of an adjustment application" and that "this duty implicitly requires the adjudication of all applications to determine those that are to

be approved." (Opposition, 8:18-21.) Defendants have considered and denied Plaintiff Chabaane's application for adjustment of status and they have provided Plaintiffs with the reasons why the application was denied. Thus, they have performed their duty and there is nothing for the Court to compel.

Plaintiffs further aver that this Court has jurisdiction under the Administrative Procedure Act which states, "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review. . . . Except as otherwise expressly required by statute, agency action otherwise final is final for the purposes of this section whether or not there has been presented or determined an application for a declaratory order, for any form of reconsideration, or, unless the agency otherwise requires by rule and provides that the action meanwhile is inoperative, for an appeal to superior agency authority." 5 U.S.C. § 704. Again, while Defendants' denial of Plaintiff Chaabane's application may be subject to judicial review, this Court is not the proper reviewing court.

2. <u>Failure to State a Claim</u>

Because the Court does not have jurisdiction over this case, the motion to dismiss for failure to state a claim upon which relief can be granted is moot.

### III. ORDER

For the reasons set forth above, Defendants' motion to dismiss for lack of subject matter jurisdiction is GRANTED.

IT IS SO ORDERED.

DATED: June 24, 2010

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE